Central Mtge. Co. v Wallace (2020 NY Slip Op 06094)





Central Mtge. Co. v Wallace


2020 NY Slip Op 06094


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
JOSEPH J. MALTESE, JJ.


2018-00269
 (Index No. 604769/15)

[*1]Central Mortgage Company, respondent,
v
Portia Wallace, appellant, et al., defendants.


Paula A. Miller, P.C., Smithtown, NY, for appellant.
RAS Boriskin, LLC, Westbury, NY (Joseph F. Battista of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Portia Wallace appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated November 30, 2016. The order, insofar as appealed from, upon granting the cross motion of the defendant Portia Wallace to dismiss the complaint insofar as asserted against her, directed dismissal of the action "without prejudice to the [p]laintiff to proceed upon the [j]udgment of [f]oreclosure and [s]ale it obtained" in a pending action against the defendant Portia Wallace to foreclose the same mortgage.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In May 2015, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Portia Wallace (hereinafter the defendant). The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant cross-moved to dismiss the complaint insofar as asserted against her, "with prejudice," arguing, among other things, that pursuant to RPAPL 1301(3), the action could not be maintained because there was another action pending to foreclose the same mortgage. In support of her cross motion, the defendant submitted evidence that in March 2007, the plaintiff's predecessor in interest commenced an action (hereinafter the 2007 action) to foreclose the subject mortgage against the defendant, and that the plaintiff was subsequently substituted as the party plaintiff in the 2007 action. In response, the plaintiff withdrew its motion, conceding that this action should be dismissed, and submitted evidence that on August 31, 2009, a judgment of foreclosure and sale had been issued in the 2007 action. By order dated November 30, 2016, the Supreme Court granted the defendant's cross motion on the ground that "this action is duplicative of the [2007] action," and directed dismissal of this action "without prejudice to the [p]laintiff to proceed upon the [j]udgment of [f]oreclosure and [s]ale it obtained" in the 2007 action. The defendant appeals, contending that the court erred in directing dismissal of this action without prejudice to the plaintiff proceeding upon the judgment of foreclosure and sale it obtained in the 2007 action.
Contrary to the defendant's contention, the Supreme Court, upon determining that dismissal was warranted on the ground that the 2007 action remained pending at the time the plaintiff commenced this action, correctly concluded, in effect, that its disposition in this case—which was not on the merits—had no impact on the plaintiff's rights and remedies in the 2007 [*2]action. The defendant's contentions on appeal concerning the viability of the 2007 action, and the enforceability of the judgment of foreclosure and sale issued in the 2007 action, are not properly before this Court on this appeal.
LEVENTHAL, J.P., ROMAN, COHEN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court